EDWARD B. GOELET *et al.*, Respondents, *against* RICHARD MEARES, Appellant.

(Decided January 16th, 1885).

Supplies for defendant's hotel were ordered from plaintiffs by a steward employed by defendant for that purpose, and were delivered by plaintiffs with bills or memoranda of the amounts made out to the hotel, which were examined by defendant or his bookkeeper, who then gave the steward the money to pay for them; but he paid plaintiffs for a part only, and kept the balance of the money for his own purposes. *Held*, that defendant was liable to plaintiffs for the price of goods furnished remaining unpaid.

APPEAL from a judgment of the district court in the City of New York for the Seventh Judicial District.

The facts are stated in the opinion.

*C. L. Brooks*, for appellant.

*C. G. Macy*, for respondents.

J. F. DALY, J.—The defendant was the proprietor of the Hotel Royal, and employed one Van Riper as steward. The duty of the latter was to purchase supplies of the kind required by defendant for his hotel. Among the supplies so purchased were eggs which Van Riper bought of plaintiffs. The course of business was for Van Riper to order the goods, which were sent in with bills or memoranda of the

Goelet *v.* Meares.

amount. The defendant or his bookkeeper checked off the bills or memoranda, and then gave Van Riper the money to pay for them. Van Riper paid for a part only and kept the balance of the money for his own purposes. This action is brought to recover for goods so furnished by plaintiffs at different times. Plaintiffs charged the goods to the Hotel Royal, and the bills or memoranda sent with the goods were made out to the Hotel Royal.

Upon the facts proved the defendant is clearly liable. Van Riper was his agent to buy in the first instance, and afterwards to pay for the goods bought. His failure to do the latter was the default of defendant so far as these plaintiffs are concerned. Defendant took the risk of his applying the money given to him to the purpose for which it was intended. Defendant had notice of the purchases as each was made, and that they were charged to the hotel and not to Van Riper, and it was his duty to see that the debt was discharged. The case is not within the rule laid down in *Fish* v. *Wood* (4 E. D. Smith 327), and kindred cases, for there the principal, who employed an agent to build a house, paid him the amount of all the bills he had incurred for material delivered to him (the agent) without any knowledge of the purchases on the part of the principal, and the credit in each purchase was given to the agent alone. In this case the credit was not given to the steward, but to the hotel, and the defendant knew it at the time of each purchase.

The judgment must be affirmed, with costs.

LARREMORE, J., concurred.

Judgment affirmed, with costs.